**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICHARD J. CLARSON as Administrator of LOCAL No. 731, I.B. of T., PRIVATE SCAVENGERS and GARAGE ATTENDANTS PENSION TRUST FUND and LOCAL No. 731, I.B. of T., GARAGE, ATTENDANTS, LINEN and LAUNDRY HEALTH & WELFARE FUND, | Case No.: 17-cv-9307 |
| LOCAL No. 731, I.B. of T., PRIVATE SCAVENGERS and GARAGE ATTENDANTS PENSION TRUST FUND, | |
| and | |
| LOCAL No. 731, I.B. of T., GARAGE ATTENDANTS, LINEN and LAUNDRY HEALTH & WELFARE FUND, | |
| Plaintiffs, | |
| v. | |
| G5 ENVIRONMENTAL, LTD., | |
| Defendant. | |

**COMPLAINT**

Plaintiffs Local No. 731, I.B. of T., Private Scavengers and Garage Attendants Pension Trust Fund; Local No. 731, I.B. of T., Garage Attendants, Linen and Laundry Health and Welfare Fund (collectively, "Funds"); and their Administrator, Richard J. Clarson, through their attorneys Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, by way of their complaint against G5 Environmental, Ltd. ("G5" or "Company"), state as follows:

1

## JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, to compel a compliance audit and, as such, this Court has jurisdiction over this action under Sections 502(e) and 502(f) of ERISA, 29 U.S.C. §§ 1132(e) and 1132(f), and Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c).

2. Venue lies in this court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), as the Funds are administered by their respective Trustees at their principal place of business at 1000 Burr Ridge Parkway, Burr Ridge, Illinois 60527.

## PARTIES

3. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).

4. The Funds are fiduciaries authorized to bring this action on behalf of their participants and beneficiaries pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

5. Richard J. Clarson, Administrator of the Funds, is a fiduciary and the agent of the Funds' respective Boards of Trustees, which delegated authority to him to act on behalf of the Boards in this matter.

6. Until its involuntary dissolution on September 8, 2017, G5 was an Illinois corporation. At all times relevant to this lawsuit, G5 has done business within this district and has been an employer within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(5), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

## COUNT I: FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS AS REVEALED BY A COMPLIANCE AUDIT

7. The Funds incorporate by reference Paragraphs 1 through 6 of this Complaint, as though fully set forth herein, as Paragraph 7 of this Count I.

8. The Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers Local Union No. 731, I. B. of T. ("Local 731") is a labor organization within the meaning of 29 U.S.C. § 185(a).

9. At all relevant times through at least December 31, 2016, G5 was a party to successive collective bargaining agreements with Local 731 (collectively, "Agreement") that obligate it to make monthly contributions on behalf of all of its employees covered by the Agreement for health-welfare and pension benefits and to submit monthly remittance reports in which the Dealership identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds on behalf of each covered employee.

10. The Agreement obligates G5 to, by the 20th of every month, remit monthly contributions and submit the monthly contribution reports to the Funds for the prior month, or be subject to a 10% late fee, which increases to 20% once a lawsuit is filed, as liquidated damages, and be assessed interest on any late payment and collection costs incurred by the Funds in pursuing the delinquent contributions.

11. Notwithstanding G5's obligations under the Agreement, as revealed by a compliance audit for the period of March 1, 2016 through December 31, 2016, the Dealership has failed to report and remit to the Funds all of the contributions for its employees covered by the Agreement.

12. Despite demands duly made, G5 has not remitted the entire amount of delinquent contributions and other sums owed.

13. G5's failure to timely submit the reports and contributions violates ERISA Section 515, 29 U.S.C. § 1145, and LMRA Section 301, 29 U.S.C. § 185.

14. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); the terms of the Agreement; and the Funds' governing documents, in addition to the contributions due, G5 is also liable to the Funds for interest at the rate of 1% compounded monthly, liquidated damages in the amount of 20%, audit costs, and reasonable attorneys' fees and court costs.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request judgment against G5 as follows:

a. Finding that G5 violated the Agreement;

b. Finding that G5 is liable to the Funds for all unpaid contributions as revealed in a payroll audit of its records for the period of March 1, 2016 through December 31, 2016, plus related interest, liquidated damages, audit costs, and attorneys' fees and court costs;

c. Ordering G5 to pay to the Funds all contributions, accrued interest, liquidated damages, and audit costs;

d. Ordering G5 to pay to the Funds all court costs and reasonable attorneys' fees and costs related to this suit; and

e. Granting all such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeremy M. Barr
Jeremy M. Barr
Attorney for the Plaintiffs

Jeremy M. Barr (ARDC# 6299047)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT,
CERVONE, AUERBACH & YOKICH
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603
(312) 372-1361